UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

2009 NOV 13 PM 3:54

[FILED stamp: U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA]

| | |
|---|---|
| COMENTIS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: **4:09CV0082** |
| ) | |
| PURDUE RESEARCH FOUNDATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CoMentis, Inc. ("CoMentis"), by its undersigned attorneys, alleges as follows:

### PARTIES

1. Plaintiff CoMentis is a Delaware corporation with its principal place of business at 280 Utah Avenue, Suite 275, South San Francisco, CA 94080.

2. Defendant Purdue Research Foundation ("PRF") is a statutory body corporate formed and existing under the Indiana Foundation or Holding Companies Act of 1921, with its principal place of business at 1281 Win Hentschel Boulevard, West Lafayette, IN 47906.

### JURISDICTION

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs or interest.

### VENUE

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 in that the sole defendant, PRF, resides in and is subject to personal jurisdiction in this judicial district.

### FACTUAL BACKGROUND

5. CoMentis is a biotechnology company focused on the research and development of drugs to treat life-threatening and debilitating diseases, such as Alzheimer's disease.

CoMentis does not presently have any drugs for sale on the market. Instead, CoMentis's drug candidates are still in various stages of development and early clinical trials.

6. PRF has filed two provisional U.S. patent applications relating to pyrrolidine compounds (collectively "PRF patent applications").

7. In May 2009, PRF and CoMentis began negotiations for a license agreement in which CoMentis would receive an exclusive license to any patents issuing from the PRF patent applications.

8. For several months, from May 2009 to October 2009, PRF and CoMentis conducted extensive negotiations by telephone and e-mail correspondence regarding the terms of the license agreement. PRF prepared an initial draft version of the license agreement based on its standard form of patent license agreement. The parties exchanged several rounds of revisions to the draft license by which they eventually reached agreement on the material terms of the license, as well as other terms and the substantial form of the license.

9. By late September 2009, the parties had a draft license agreement in which substantially all of the terms were agreed upon between the parties. On Friday, October 2, 2009, PRF proposed that the parties enter into a Binding Letter of Intent to memorialize this agreement.

10. On October 6, 2009, both PRF and CoMentis signed and executed a Binding Letter of Intent. It expressly stated that "for and in consideration of the mutual covenants and the premises herein contained, the Parties, intending to be legally bound, hereby agree as follows."

11. The Binding Letter of Intent included, among other things, the following agreement: "The Parties agree to make all reasonable efforts to execute no later than October 25, 2009, a license agreement which contains the material financial and economic terms set forth in, and is in a form substantially similar to, the draft pyrollidine license agreement attached hereto as Exhibit A (the "Pyrollidine License Agreement")." The Exhibit A referenced in and attached to the Binding Letter of Intent was a copy of the draft license agreement in which substantially all of the terms were agreed upon between the parties.

12. On October 23, 2009, PRF and CoMentis signed and executed an Extension and Amendment to the Binding Letter of Intent that extended the date for execution of the license agreement to "no later than November 6, 2009."

13. For the next two weeks, CoMentis made numerous inquiries to PRF by telephone and e-mail about the status of the license agreement. PRF repeatedly ignored these inquiries and did not take any steps toward executing the license agreement. On November 5, 2009, with Purdue having taken no steps to execute the license (e.g., after over a month, Purdue had made no proposals for varying the terms and form of license agreed upon by PRF and CoMentis in late September, and CoMentis had every reason to believe that exact form of agreement was what PRF intended to sign), CoMentis demanded that PRF promptly complete the execution of the license agreement as required by the Binding Letter of Intent, or, if more time was necessary, that the parties agree to a further extension to the date for execution of the license agreement.

14. On November 6, 2009, PRF's representative responded in an-email that it was "not inclined to extend the document." In response, CoMentis again demanded that the parties immediately complete the execution of the license agreement – or, at a minimum, that PRF agree to talk with CoMentis to explain its abrupt change of position. On November 6, CoMentis signed a copy of the license agreement in the form attached as Exhibit A to the Binding Letter of Intent and provided it to PRF for PRF's signature.

15. PRF refused to sign the license agreement. CoMentis informed PRF that, in light of this refusal, CoMentis considered PRF to be in material breach of the Binding Letter of Intent.

16. PRF has not provided CoMentis with any reason or explanation for its refusal. In the November 6 e-mail, PRF's representative stated that he would not be available for discussion until Monday, November 9, when his schedule would be "fairly open." On November 9, however, PRF's representative refused to make himself available for a discussion or otherwise explain Purdue's conduct, stating that "Our position is that we will be available for a call with you next week to discuss the path forward." Despite numerous requests thereafter by CoMentis, PRF has refused to conduct even a fifteen minute telephone call before Tuesday, November 17.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

17. CoMentis incorporates by reference paragraphs 1 through 16 above.

18. The Binding Letter of Intent as modified by the Extension and Amendment constitutes a valid and enforceable contract between PRF and CoMentis.

19. Pursuant to these agreements, Purdue has contractually "agree[d] to make all reasonable efforts to execute no later than November 6, 2009, a license agreement which contains the material financial and economic terms set forth in, and is in a form substantially similar to, the draft pyrollidine license agreement attached" as Exhibit A to the Binding Letter of Intent.

20. CoMentis has performed all, or substantially all, conditions to PRF's performance of the foregoing obligation under the parties' contract.

21. PRF has breached the terms of the contract by, among other things, refusing to execute the license agreement and failing to make all reasonable efforts to execute the license agreement.

22. CoMentis has been harmed by PRF's breaches of the contract, including in ways that cannot be fully compensated by monetary damages. CoMentis is therefore entitled to injunctive relief, including specific performance of PRF's obligations under the contract.

### PRAYER FOR RELIEF

Wherefore, CoMentis prays for relief as follows:

1. Actual, incidental, and consequential damages, together with interest, in an amount to be proven at trial;

2. Preliminary and permanent injunctive relief, including specific performance of PRF's contractual obligations, and an injunction against PRF licensing to other parties or otherwise encumbering the PRF patent applications or any patents that issue therefrom in a manner inconsistent with the terms and conditions of Exhibit A to the Binding Letter of Intent;

3. A declaration that CoMentis has an exclusive license to the PRF patent applications and any patents that issue therefrom on the terms and conditions set forth in Exhibit A to the Binding Letter of Intent.

4. CoMentis's costs and attorneys' fees in this action; and

5. Any such additional and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), CoMentis demands a jury trial for all issues in this case that are properly subject to a jury trial.

*(signature)*

James W. Riley, Jr.
jriley@rbelaw.com
No. 6073-49
RILEY BENNETT & EGLOFF, LLP
141 E. Washington Street
Fourth Floor
Indianapolis, IN  46204
(317) 636-8000

Attorneys for Plaintiff,
CoMentis, Inc.