# EXHIBIT 9

**From:** Dan Hunt
**Sent:** Friday, November 06, 2009 5:36 PM
**To:** 'mjmcfarland@prf.org'
**Cc:** Dan Hunt
**Subject:** Pyrollidine License

Matt, per the two voice mails I left you this morning, on your cell phone and office phone, to which you did not respond, I was very surprised and very disappointed by your cryptic email this morning in which you informed me, contrary to the parties' agreement, that Purdue would not sign the pyrrolidine license.  Not only have you and Purdue failed miserably to use any form of "reasonable efforts" to conclude the pyrrolidine license - it now is clear you have deliberately intended to breach the Binding LOI for some time.

Over the last few weeks, I have diligently left voicemails and emails with you about finalizing the agreement, personally calling or emailing you every couple of days, sometimes twice a day.  To say you have not been responsive would be an understatement.   I persisted in following up with you, even though there were no outstanding action items due from CoMentis to complete the pyrrolidine license, and even though no substantive issues of any kind regarding the agreemen have been raised by Purdue (which would not matter anyway, given the LOI's clarity that the attached license agreement is THE deal).  Given past history of non-responsiveness on other deliverables, I had assumed a benign explanation for the dilatory response, but based on your email this morning I can only conclude that you were deliberately avoiding my inquiries in bad faith.

Your email stating that you are "not inclined to extend the LOI" or sign the agreement is especially surprising since I have not received any formal communication from you indicating any issues of any kind concerning the license agreement since September, when we entered into a binding letter of intent to sign the license agreement on agreed-upon terms.  In this context, it is worth noting that we reached agreement on the term sheet for the pyrrolidine license agreement almost five months ago this summer.  It is also worth noting that it was your suggestion that we enter into the binding LOI for the pyrollidine license, and that the form license agreement came from Purdue.

Since late September, It has been clearly understood, by both parties, that we had a binding obligation under the LOI to execute the license agreement attached as Exhibit A to the LOI.  Over two months have elapsed since we agreed on the executable form of agreement attached to the LOI as Exhibit A, and over a month has elapsed since we actually executed the LOI .  In the meantime, there has been no indication that Purdue intended to renege on its agreement or that there would be any issue with signing it.  In short, CoMentis had (and has) no reason to assume that there would be any issue with Purdue executing the license as it had a binding commitment to do.

Purdue's refusal to sign the license, or extend the LOI, without (1) citing any revisions you would like CoMentis to consider (2) providing any  justification whatsoever, establishes beyond a doubt that you have materially (and willfully) breached your obligation to "make all reasonable efforts" to sign the license agreement in substantially the form attached to the LOI as Exhibit A.

I have been involved in licensing negotiations for a very long time, but this is possibly the most egregious breach of trust and business ethics I have ever experienced.  Your conduct has placed our working relationship in jeopardy, and may cause irreparable damage to the positive relationship I have worked hard to establish between CoMentis and Purdue.

As mentioned above, I placed calls today requesting an explanation, and you have not given me the courtesy of response. I expect a full explanation on Monday, and also expect Purdue to honor its contractual obligations under the LOI .  Purdue is incontrovertibly in material breach of the LOI, and at this point I believe the only way Purdue can cure tha breach is to execute the pyrollidine license immediately. (I will forward  separately a final version of the pyrrolidine license, executed by CoMentis.)   I expect Purdue to sign that license and return it to CoMentis on Monday, to avoid further complications.

11/13/2009

I await your response,

Dan

This message (including any attachments) is intended only for the use of the individual or entity to which it is addressed and may contain information that is non-public, proprietary, privileged, confidential, and exempt from disclosure under applicable law or may constitute as attorney work product. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, notify us immediately by telephone (650-869-7600) or delete this message immediately. Thank you.

11/13/2009