# EXHIBIT 11

**From:** Dan Hunt
**Sent:** Tuesday, November 10, 2009 5:08 PM
**To:** McFarland, Matthew J
**Cc:** White, Karen F.; Steele, Cinde R
**Subject:** RE: Pyrollidine License

Matt, on Friday you indicated you would be available to talk on Monday. On Monday, you advised me you would not be able to talk with me until next week.

Under these circumstances, I have the following thoughts about your refusal to talk to me until next week:

1. Your response struck me, and will strike anyone else, as a surprising, evasive and inappropriate response, especially in light of Purdue's complete lack of effort to date toward executing the pyrollidine license.

2. It appears to confirm that Purdue has (and had) no intention of honoring its contractual obligation to make all reasonable efforts to execute the pyrollidine license agreement by the agreed-upon deadline of November 6, 2009.

3. I have been working hard to get this license in place, despite Purdue's obstruction, and want to know where we are sooner rather than later. There is no reason to wait until next week to have a discussion about the "path forward". The path forward is clear – since Purdue is apparently engaging in some kind of stratagem that is at odds with its agreement to use all reasonable efforts to enter into the pyrollidine license, what is required is immediate assurance that Purdue intends to honor its contractual and legal obligations to CoMentis. The way to demonstrate this intention is by promptly executing the pyrollidine license.

4. As I mentioned, trying to align the positions of all the parties in this negotiation has been difficult. If Purdue does not change approach immediately, I will need to apprise my management, board and partner about Purdue's intransigence. That news will not be well received, and this news may well complicate moving forward.

5. The situation might be different if Purdue had taken any steps toward execution of the license. Instead, Purdue consistently failed to return phone calls and emails, without taking any steps toward executing the agreement, or raising any issues with respect to the form of the agreement . Due to Purdue's own refusal to take any steps toward negotiating or executing the pyrollidine license , and Purdue's own refusal to extend the LOI, your window of opportunity to engage in discussions regarding the form of the agreement has now expired. Purdue is in material breach of its obligations under the LOI – the only way to cure the breach is by signing the pyrollidine license immediately.

It would be best for all concerned if this matter were resolved quickly.

I await your response.

Best regards,

Dan

---

**From:** McFarland, Matthew J [mailto:mjmcfarland@prf.org]
**Sent:** Monday, November 09, 2009 7:56 AM
**To:** Dan Hunt
**Cc:** White, Karen F.; Steele, Cinde R
**Subject:** RE: Pyrollidine License

Dan,

I have shared/forwarded this correspondence with my management and PRF counsel. Our position is that we will be available for a call with you next week to discuss the path forward. Please send some potential dates/times to Cindi Steele (ccd on this email) who will schedule the meeting.

-Matt

Matthew J. McFarland
*Innovation Strategy Manager*
Office of Technology Commercialization
Purdue Research Foundation
1281 Win Hentschel Blvd.
West Lafayette, IN 47906

Telephone: 765-588-3487
Fax: 765-463-3486
E-mail: mjmcfarland@prf.org

---

**From:** Dan Hunt [mailto:dhunt@comentis.com]
**Sent:** Friday, November 06, 2009 8:36 PM
**To:** McFarland, Matthew J
**Cc:** Dan Hunt
**Subject:** Pyrollidine License

Matt, per the two voice mails I left you this morning, on your cell phone and office phone, to which you did not respond, I was very surprised and very disappointed by your cryptic email this morning in which you informed me, contrary to the parties' agreement, that Purdue would not sign the pyrrolidine license. Not only have you and Purdue failed miserably to use any form of "reasonable efforts" to conclude the pyrrolidine license - it now is clear you have deliberately intended to breach the Binding LOI for some time.

Over the last few weeks, I have diligently left voicemails and emails with you about finalizing the agreement, personally calling or emailing you every couple of days, sometimes twice a day. To say you have not been responsive would be an understatement. I persisted in following up with you, even though there were no outstanding action items due from CoMentis to complete the pyrrolidine license, and even though no substantive issues of any kind regarding the agreement have been raised by Purdue (which would not matter anyway, given the LOI's clarity that the attached license agreement is THE deal). Given past history of non-responsiveness on other deliverables, I had assumed a benign explanation for the dilatory response, but based on your email this morning I can only conclude that you were deliberately avoiding my inquiries in bad faith.

Your email stating that you are "not inclined to extend the LOI" or sign the agreement is especially surprising since I have not received any formal communication from you indicating any issues of any kind concerning the license agreement since September, when we entered into a binding letter of intent to sign the license agreement on agreed-upon terms. In this context, it is worth noting that we reached agreement on the term sheet for the pyrrolidine license agreement almost five months ago this summer. It is also worth noting that it was *your* suggestion that we enter into the binding LOI for the pyrrolidine license, and that the form license agreement came from Purdue.

Since late September, It has been clearly understood, by both parties, that we had a binding obligation under the LOI to execute the license agreement attached as Exhibit A to the LOI.  Over two months have elapsed since we agreed on the executable form of agreement attached to the LOI as Exhibit A, and over a month has elapsed since we actually executed the LOI .  In the meantime, there has been no indication that Purdue intended to renege on its agreement or that there would be any issue with signing it.  In short, CoMentis had (and has) no reason to assume that there would be any issue with Purdue executing the license as it had a binding commitment to do.

Purdue's refusal to sign the license, or extend the LOI, without (1) citing any revisions you would like CoMentis to consider (2) providing any justification whatsoever, establishes beyond a doubt that you have materially (and willfully) breached your obligation to "make all reasonable efforts" to sign the license agreement in substantially the form attached to the LOI as Exhibit A.

I have been involved in licensing negotiations for a very long time, but this is possibly the most egregious breach of trust and business ethics I have ever experienced.  Your conduct has placed our working relationship in jeopardy, and may cause irreparable damage to the positive relationship I have worked hard to establish between CoMentis and Purdue.

As mentioned above, I placed calls today requesting an explanation, and you have not given me the courtesy of response.  I expect a full explanation on Monday, and also expect Purdue to honor its contractual obligations under the LOI .  Purdue is incontrovertibly in material breach of the LOI, and at this point I believe the only way Purdue can cure that breach is to execute the pyrrolidine license immediately. (I will forward  separately a final version of the pyrrolidine license, executed by CoMentis.)   I expect Purdue to sign that license and return it to CoMentis on Monday, to avoid further complications.

I await your response,

Dan

This message (including any attachments) is intended only for the use of the individual or entity to which it is addressed and may contain information that is non-public, proprietary, privileged, confidential, and exempt from disclosure under applicable law or may constitute as attorney work product. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, notify us immediately by telephone (650-869-7600) or delete this message immediately  Thank you

This message (including any attachments) is intended only for the use of the individual or entity to which it is addressed and may contain information that is non-public, proprietary, privileged, confidential, and exempt from disclosure under applicable law or may constitute as attorney work product. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, notify us immediately by telephone (650-869-7600) or delete this message immediately. Thank you.

11/13/2009