UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| COMENTIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: 4:09-CV-00082-PPS-APR |
| | ) | |
| PURDUE RESEARCH FOUNDATION | ) | |
| and ARUN K. GHOSH, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER
TO COMENTIS, INC.'S THIRD AMENDED COMPLAINT**

Purdue Research Foundation ("PRF") and Arun K. Ghosh, by counsel, hereby answer
Plaintiff's Third Amended Complaint, as follows:

**PARTIES**

1.      CoMentis is a Delaware corporation with its principal place of business at 280
Utah Avenue, Suite 275, South San Francisco, CA 94080.  Originally founded in 2004 as
Athenagen, Inc. ("Athenagen"), the company was renamed CoMentis after its August 2006
merger with Zapaq, Inc. ("Zapaq").  References to CoMentis in this complaint include CoMentis,
Athenagen, and Zapaq.

**ANSWER:**  PRF and Dr. Ghosh are without knowledge or information sufficient to
enable them to admit or deny the truth of the allegations in ¶ 1 of Plaintiff's Third Amended
Complaint.

2.      Purdue Research Foundation ("PRF") is a statutory body corporate formed and
existing under the Indiana Foundation or Holding Companies Act of 1921, with its principal
place of business at 1281 Win Hentschel Boulevard, West Lafayette, IN  47906.  On information

and belief, PRF is a nonprofit corporation that manages and licenses Purdue University's ("Purdue") intellectual property, accepts gifts, administers trusts, acquires property, negotiates research contracts, and performs other services helpful to Purdue.  On information and belief, the Board of Trustees of Purdue have, by general resolution and/or assignment, designated PRF to administer all matters pertaining to the protection, utilization, and commercialization of Purdue's intellectual property.

**ANSWER:**  PRF and Dr. Ghosh deny that PRF negotiates research contracts.  Except as so denied, PRF and Dr. Ghosh admit the allegations in ¶ 2 of Plaintiff's Third Amended Complaint.

3.     On information and belief, Arun K. Ghosh, Ph.D. ("Dr. Ghosh") is and at all relevant times has been a resident in this judicial district.

**ANSWER:**  PRF and Dr. Ghosh admit that Dr. Ghosh presently resides in this judicial district.

### JURISDICTION

4.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs or interest.

**ANSWER:**  PRF and Dr. Ghosh admit that PRF and Dr. Ghosh are citizens of the State of Indiana.  PRF and Dr. Ghosh are without knowledge or information sufficient to enable them to admit or deny the truth of the remaining allegations in ¶ 4 of Plaintiff's Third Amended Complaint.

**VENUE**

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391 in that the

defendants reside in and are subject to personal jurisdiction in this judicial district.

**ANSWER:** PRF and Dr. Ghosh admit that PRF and Dr. Ghosh are residents of, and

subject to personal jurisdiction in, this judicial district. PRF and Dr. Ghosh are without

knowledge or information sufficient to enable them to admit or deny the truth of the remaining

allegations in ¶ 5 of Plaintiff's Third Amended Complaint.

**FACTUAL BACKGROUND**

6.      CoMentis is a small biotechnology company with approximately 34 employees.

CoMentis is focused on the research and development of drugs to treat life-threatening and

debilitating diseases, such as Alzheimer's disease. CoMentis's scientists have contributed to

groundbreaking discoveries in the field of Alzheimer's disease research. CoMentis does not

presently have any drugs for sale on the market. Instead, CoMentis's drug candidates are still in

various stages of research, development, and clinical trials.

**ANSWER:** PRF and Dr. Ghosh are without knowledge or information sufficient to

enable them to admit or deny the truth of the allegations in ¶ 6 of Plaintiff's Third Amended

Complaint.

7.      Dr. Ghosh was a scientific co-founder of CoMentis's predecessor company,

Zapaq.

**ANSWER:** PRF and Dr. Ghosh admit the allegations in ¶ 7 of Plaintiff's Third

Amended Complaint.

8.      On information and belief, Dr. Ghosh has been employed as a professor of

chemistry at Purdue since 2005. On information and belief, Dr. Ghosh has been obligated as a

Purdue employee to assign his right, title, and interest in any intellectual property he develops to Purdue and/or PRF.

**ANSWER:** PRF and Dr. Ghosh admit the allegations in ¶ 8 of Plaintiff's Third Amended Complaint.

**The Consulting Agreement and License Agreement**

9.      Dr. Ghosh has served as a consultant to CoMentis under a Consulting Agreement that CoMentis and Dr. Ghosh entered into effective August 15, 2005 (the "Consulting Agreement"). Dr. Ghosh's consulting services included advising CoMentis with respect to chemical compounds and structures that CoMentis was developing for potential drug candidates for treating Alzheimer's disease. CoMentis agreed to pay Dr. Ghosh $8,333.00 per month for these services.

**ANSWER:** PRF and Dr. Ghosh admit that the "Consulting Agreement" existed, which document speaks for itself. Plaintiff previously filed the "Consulting Agreement" under seal with the Court as Exhibit 1 to the Declaration of Daniel W. Hunt. (dkt. #25). PRF and Dr. Ghosh incorporate the "Consulting Agreement" herein as an exhibit to this Answer.

10.     As a condition of the Consulting Agreement, Dr. Ghosh signed a Consultant Confidentiality/Non-Compete/Non-Solicitation Agreement. Among his obligations under these agreements, Dr. Ghosh was required not to use CoMentis's confidential information, trade secrets, inventions, or intellectual property for any purpose except in the course of performing his duties to CoMentis, and not to disclose any such information to others.

**ANSWER:** PRF and Dr. Ghosh admit that Dr. Ghosh signed a Consultant Confidentiality/Non-Compete/Non-Solicitation Agreement, which document speaks for itself.

PRF and Dr. Ghosh are without knowledge or information sufficient to enable them to admit or deny the truth of the remaining allegations in ¶ 10 of Plaintiff's Third Amended Complaint.

11.     The Consulting Agreement provides CoMentis with certain rights with respect to any intellectual property developed by Dr. Ghosh under the Consulting Agreement, either solely or in collaboration with CoMentis employees.  Among CoMentis's rights is the option to a non-exclusive, paid-up, royalty-free license or an exclusive, royalty-bearing license to any such intellectual property.  Dr. Ghosh, Purdue, and PRF were, and are, required to promptly furnish CoMentis with a disclosure of the intellectual property, and to perform other obligations in furtherance of or in connection with CoMentis's rights to intellectual property under the Consulting Agreement.  Dr. Ghosh was, and is, required, *inter alia*, to execute all papers and otherwise assist as reasonably required to perfect CoMentis's right, title, and interest in the intellectual property.

**ANSWER:**  The "Consulting Agreement" speaks for itself.  To the extent CoMentis is alleging that PRF and/or Purdue University ("Purdue") are parties to the "Consulting Agreement," or are otherwise obligated under the terms of the "Consulting Agreement," PRF and Dr. Ghosh deny this allegation.  PRF and Dr. Ghosh are without knowledge or information sufficient to enable them to admit or deny the truth of any remaining allegations in ¶ 11 of Plaintiff's Third Amended Complaint.

12.     On information and belief, Purdue has assigned all of its rights to intellectual property developed under the Consulting Agreement to PRF.

**ANSWER:**  PRF and Dr. Ghosh are without knowledge or information sufficient to enable them to admit or deny the truth of the allegation in ¶ 12 of Plaintiff's Third Amended Complaint.

5

13.     On September 15, 2006, CoMentis and PRF executed a License Agreement relating to the Consulting Agreement (the "License Agreement").  Under the License Agreement, PRF granted CoMentis an exclusive license to PRF's and Purdue's rights in patents and patent applications directed to inventions developed under the Consulting Agreement.  The License Agreement includes specific financial terms in consideration for the license granted.  Exhibit A to the License Agreement sets forth the patents to which CoMentis has been granted an exclusive license pursuant to that agreement (the "Licensed Patents").  The License Agreement provides that PRF and CoMentis must update Exhibit A with any other patents or patent applications added as a result of CoMentis's exercise of its option under the Consulting Agreement.

**ANSWER:**  PRF and Dr. Ghosh admit that PRF and CoMentis executed a valid "License Agreement" on September 15, 2006, a true and accurate copy of which is attached to this Answer as "**Exhibit 1**."  The "License Agreement" speaks for itself.  To the extent that ¶ 13 alleges anything different, PRF and Dr. Ghosh deny that allegation.

14.     Dr. Ghosh continued to perform consulting services under the Consulting Agreement over the course of the following several years.  On approximately a monthly basis, CoMentis revealed in confidence to Dr. Ghosh confidential information and intellectual property relating to its Alzheimer's disease drug candidates.  CoMentis's disclosures to Dr. Ghosh contained a substantial amount of information regarding CoMentis's specific chemical compounds and structures, including particular compounds and structures from a class of compounds known as pyrrolidines.  Much of this information was the result of the research and development efforts of Geoff Bilcer, CoMentis's Senior Director (now Vice President) of Medicinal Chemistry.

**ANSWER:**  PRF and Dr. Ghosh admit that Dr. Ghosh performed consulting services for CoMentis under the Consulting Agreement.   PRF and Dr. Ghosh are without knowledge or information sufficient to enable them to admit or deny the truth of any remaining allegations in ¶ 14 of Plaintiff's Third Amended Complaint.

15.     CoMentis has taken, and continues to take, steps to ensure that this confidential information and intellectual property is not impermissibly disclosed to or used by other parties. Among other things, CoMentis requires all employees, business partners, contractors, consultants, and third parties to sign stringent non-disclosure and confidentiality agreements; has not made its confidential and trade secret information generally available to the public; marks confidential documents and materials with appropriate notices or legends; ensures that confidential or sensitive materials cannot be viewed or accessed by persons not having a "need to know" such information; limits the access of employees, contractors, and consultants to only those specific aspects or elements of a trade secret that they have a "need to know"; and employs appropriate security measures such as passwords and encryption to protect computer, network and Internet data and communications.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 15 of Plaintiff's Third Amended Complaint to the extent the allegations relate to disclosures to PRF, Purdue, and/or disclosures in the PRF patent applications.  PRF and Dr. Ghosh are without knowledge or information sufficient to enable them to admit or deny the truth of the remaining allegations in ¶ 15 of Plaintiff's Third Amended Complaint.

**PRF Files the Patent Applications**

16.     In or about February 2009, Dr. Ghosh represented to Dr. Bilcer that he had been performing his own work on chemical compounds and structures similar to those on which

7

CoMentis had sought his advice pursuant to the Consulting Agreement, and that he had filed his own patent applications directed to those chemical compounds and structures. Dr. Ghosh claimed that this work was done outside of and independent from his consulting work for CoMentis.

**ANSWER:** PRF and Dr. Ghosh deny the allegations in ¶ 16 of Plaintiff's Third Amended Complaint.

17.     CoMentis subsequently learned that PRF had filed two provisional U.S. patent applications, No. 61/104,434 on October 10, 2008 and No. 61/175,624 on May 5, 2009, relating to pyrrolidine compounds and naming Dr. Ghosh as the sole inventor (collectively, the "Pyrrolidine Patent Applications").

**ANSWER:** PRF and Dr. Ghosh admit the allegations in ¶ 17 of Plaintiff's Third Amended Complaint that PRF filed two provisional U.S. patent applications, which speak for themselves. PRF and Dr. Ghosh deny the allegations in ¶ 17 of Plaintiff's Third Amended Complaint regarding when Plaintiff "learned" of PRF's filing of the patent applications.

18.     Defendants did not furnish CoMentis with a disclosure of this intellectual property or perform any other steps to enable or further CoMentis's exercise of its option and other rights under the Consulting Agreement and the License Agreement. Instead, Defendants maintained that the Pyrrolidine Patent Applications were developed by Dr. Ghosh entirely independently of his work and consulting services under the Consulting Agreement, and were outside the scope of the Consulting Agreement and the License Agreement. PRF then proposed to license the Pyrrolidine Patent Applications to CoMentis on much less favorable terms than those contained in the Consulting and License Agreements.

**ANSWER:** PRF and Dr. Ghosh state that the first sentence of ¶ 18 is unintelligible; on that basis, PRF and Dr. Ghosh deny the allegation of that sentence. PRF and Dr. Ghosh admit the allegations in the second sentence of ¶ 18 of Plaintiff's Third Amended Complaint as they relate to PRF. PRF and Dr. Ghosh state that the terms of the "Consulting Agreement" and "License Agreement" speak for themselves. PRF and Dr. Ghosh deny the remaining allegations in ¶ 18 of Plaintiff's Third Amended Complaint.

19.     During this time, the Pyrrolidine Patent Applications were not publicly available. Dr. Ghosh intended to induce CoMentis to rely on his representations concerning the independence of his work. CoMentis reasonably relied on his representations.

**ANSWER:** PRF and Dr. Ghosh admit the allegation of the first sentence of  ¶ 19 of Plaintiff's Third Amended Complaint. PRF and Dr. Ghosh are without knowledge or information sufficient to enable them to admit or deny the truth of the remaining allegations in ¶ 19 of Plaintiff's Third Amended Complaint.

**The Binding Letter of Intent**

20.     In May 2009, PRF and CoMentis began negotiations for a new license agreement, separate and distinct from the Consulting and License Agreements, pursuant to which CoMentis would receive an exclusive license to any patents issuing from the Pyrrolidine Patent Applications.

**ANSWER:** PRF and Dr. Ghosh admit the occurrence of the negotiations alleged in ¶ 20 of Plaintiff's Third Amended Complaint, but otherwise deny the allegation.

21.     For several months, from May 2009 to October 2009, PRF and CoMentis conducted extensive negotiations by telephone and e-mail correspondence regarding the terms of the license agreement. PRF prepared an initial draft version of the license agreement based on

its standard form of patent license agreement.  The parties exchanged several rounds of revisions to the draft license and eventually reached agreement on its material terms.

**ANSWER:**  PRF and Dr. Ghosh admit the allegations in the first two sentences of ¶ 21 of Plaintiff's Third Amended Complaint.  PRF and Dr. Ghosh deny the allegations in the last sentence of ¶ 21 of Plaintiff's Third Amended Complaint.

22.    By late September, 2009, the parties had a draft license agreement in which substantially all of the terms were agreed upon by the parties.  On Friday, October 2, 2009, PRF proposed that the parties enter into a Binding Letter of Intent to memorialize this agreement.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 22 of Plaintiff's Third Amended Complaint.

23.    On October 6, 2009, both PRF and CoMentis signed and executed a Binding Letter of Intent.  It expressly stated that "for and in consideration of the mutual covenants and the premises herein contained, the Parties, intending to be legally bound, hereby agree as follows."

**ANSWER:**  PRF and Dr. Ghosh admit that PRF and CoMentis executed a letter of intent on October 6, 2009, which document speaks for itself.  Plaintiff previously filed the letter of intent under seal with the Court as Exhibit 2 to the Declaration of Daniel W. Hunt. (dkt. #25).  PRF and Dr. Ghosh incorporate the letter of intent herein as an exhibit to this Answer.

24.    The Binding Letter of Intent included, among other things, the following agreement:  "The Parties agree to make all reasonable efforts to execute no later than October 25, 2009, a license agreement which contains the material financial and economic terms set forth in, and is in a form substantially similar to, the draft pyrollidine license agreement attached hereto as Exhibit A (the 'Pyrollidine License Agreement')".  The Exhibit A referenced in and attached to

the Binding Letter of Intent was a copy of the draft license agreement in which substantially all of the terms were agreed upon by the parties.

**ANSWER:** The letter of intent speaks for itself. To the extent that ¶ 24 alleges anything different, PRF and Dr. Ghosh deny that allegation.

25.     The Binding Letter of Intent also required PRF to disclose information to CoMentis's patent lawyers for the purpose of coordinating patent prosecution and filing strategy and facilitating CoMentis's filing of patent applications, and to take other steps to keep CoMentis informed, cooperate with CoMentis in patent prosecution, and allow CoMentis to exercise its rights with respect to prosecution of the Pyrrolidine Patent Applications.

**ANSWER:** The letter of intent speaks for itself. To the extent that ¶ 25 alleges anything different, PRF and Dr. Ghosh deny that allegation.

26.     On October 23, 2009, PRF and CoMentis signed and executed an Extension and Amendment to the Binding Letter of Intent that extended the date for execution of the license agreement to "no later than November 6, 2009."

**ANSWER:** PRF and Dr. Ghosh admit that PRF and CoMentis executed an extension and amendment to the letter of intent on October 23, 2009, which document speaks for itself. Plaintiff previously filed the extension and amendment to the letter of intent as Exhibit 3 to the Declaration of Daniel W. Hunt (dkt. #8). PRF and Dr. Ghosh incorporate the extension and amendment as an exhibit to this Answer.

27.     For the next two weeks, CoMentis made numerous inquiries to PRF by telephone and e-mail about the status of the license agreement. PRF repeatedly ignored these inquiries and did not take any steps toward executing the license agreement. On November 5, 2009, with PRF having taken no steps to execute the license (e.g., after over a month, PRF had made no

proposals for changes to any non-material terms or the form of the license agreed upon by PRF and CoMentis in late September, and CoMentis had every reason to believe that exact form of agreement was what PRF intended to sign), CoMentis demanded that PRF promptly complete the execution of the license agreement as required by the Binding Letter of Intent, or, if more time was necessary, that the parties agree to a further extension to the date for execution of the license agreement.

**ANSWER:**  PRF and Dr. Ghosh admit that PRF did not execute the license agreement. PRF and Dr. Ghosh admit that CoMentis made inquiries and requested a further extension of the extension and amendment to the letter of intent.  PRF and Dr. Ghosh deny the remaining allegations in ¶ 27 of Plaintiff's Third Amended Complaint.

28.     On November 6, 2009, PRF's representative responded in an email that it was "not inclined to extend the document."  In response, CoMentis again demanded that the parties immediately complete the execution of the license agreement – or, at a minimum, that PRF agree to talk with CoMentis to explain its abrupt change of position.  On November 6, CoMentis signed a copy of the license agreement in the form attached as Exhibit A to the Binding letter of Intent and provided it to PRF for PRF's signature.

**ANSWER:**  PRF and Dr. Ghosh admit the allegations in the first sentence of ¶ 28 of Plaintiff's Third Amended Complaint.  PRF and Dr. Ghosh deny the remaining allegations in ¶ 28 of Plaintiff's Third Amended Complaint.

29.     PRF refused to sign the license agreement.  CoMentis informed PRF that, in light of this refusal, CoMentis considered PRF to be in material breach of the Binding Letter of Intent.

**ANSWER:**  PRF and Dr. Ghosh admit that PRF did not sign the license agreement.  PRF and Dr. Ghosh deny the remaining allegations in ¶ 29 of Plaintiff's Third Amended Complaint.

**CoMentis Discovers that Dr. Ghosh Misrepresented the Nature of the Patent Applications**

30.     CoMentis later learned that Dr. Ghosh's representations concerning the Pyrrolidine Patent Applications were false.

**ANSWER:** PRF and Dr. Ghosh deny the allegations in ¶ 30 of Plaintiff's Third Amended Complaint.

31.     On October 9, 2009, PRF filed an international patent application, No. PCT/US2009/060132 (the "'132 PCT Application"), which claimed priority benefit to the two early Pyrrolidine Patent Applications.  As a result of publication under the Patent Cooperation Treating, this international patent application, as well as the two Pyrrolidine Patent Applications, became publicly available (International Publication No. WO 2010/042796 A1) on April 15, 2010.

**ANSWER:** PRF and Dr. Ghosh state that the referenced application speaks for itself. PRF and Dr. Ghosh admit the allegations of the second sentence of ¶ 31 of Plaintiff's Third Amended Complaint.

32.     On December 4, 2009, PRF filed international patent application No. PCT/US2009/066783 (collectively with the '132 PCT application, the "PCT Applications"). This application claimed priority benefit to U.S. patent applications Nos. 61/120,174 and 61/181,350, neither of which were publicly available.  This international patent application, as well as the two U.S. patent applications, became publicly available (International Publication No. WO 2010/065861 A2) on June 10, 2010.

**ANSWER:** PRF and Dr. Ghosh state that the referenced application speaks for itself. PRF and Dr. Ghosh admit the allegations of the third sentence of  ¶ 32 of Plaintiff's Third Amended Complaint

33.     All of these applications are directed and derived from, *inter alia*, confidential information that CoMentis disclosed in confidence to Dr. Ghosh under the Consulting Agreement, including specific chemical compounds and structures developed by CoMentis and revealed to Dr. Ghosh as drug candidates that CoMentis was developing for the treatment of Alzheimer's disease.  In particular, these applications are directed to and derived from chemical compounds and structures for which CoMentis employees, including Dr. Bilcer, are at least coinventors.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 33 of Plaintiff's Third Amended Complaint.

34.     On information and belief, Dr. Ghosh and PRF have filed, and continue to file, other patent applications directed to and derived from, *inter alia*, confidential information that CoMentis disclosed in confidence to Dr. Ghosh under the Consulting Agreement.  On information and belief, these patent applications include chemical compounds and structures invented by at least Dr. Bilcer.  On information and belief, these patent applications have not been published and/or are not yet known to CoMentis.  The Pyrrolidine Patent Applications, U.S. patent application Nos. 61/120,174 and 61/181,350, the PCT applications, and all other patent applications directed to and derived from confidential information that CoMentis disclosed in confidence to Dr. Ghosh under the Consulting Agreement, regardless of when filed, shall be referred to as the "PRF Patent Applications."

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 34 of Plaintiff's Third Amended Complaint.

35.     On information and belief, Dr. Ghosh knew his representations were false or made these representations recklessly without knowledge of their truth or falsity.  On

information and belief, the facts underlying the representations were within Dr. Ghosh's exclusive possession and control.

**ANSWER:** PRF and Dr. Ghosh the allegations in ¶ 35 of Plaintiff's Third Amended Complaint.

## PRF Continues to Breach Its Obligations Under the License Agreement

36.    On May 14, 2010, CoMentis informed PRF and Dr. Ghosh that, without waiving any of its rights, it was exercising its option under the Consulting and License Agreements to obtain an exclusive license to the Pyrrolidine Patent Applications, the '132 PCT Application, and any related work product.  CoMentis further indicated that Exhibit A to the License Agreement must be updated to include these patent applications.

**ANSWER:** PRF and Dr. Ghosh admit that Plaintiff has taken the positions alleged in ¶ 36 of Plaintiff's Third Amended Complaint.  Except as so admitted, PRF and Dr. Ghosh deny the allegations in ¶ 36 of Plaintiff's Third Amended Complaint.

37.    Notwithstanding this notice, PRF has not acknowledged CoMentis's right to an exclusive license to these patent applications, nor has it updated Exhibit A to include these applications.  On information and belief, PRF's refusal to honor its obligations to CoMentis is a result of its desire to license the technology, developed using CoMentis's confidential information and trade secrets, to another party on more lucrative terms.

**ANSWER:** PRF and Dr. Ghosh admit that they deny that Plaintiff is entitled to an exclusive license to the referenced patent applications.  PRF and Dr. Ghosh deny the remaining allegations in ¶ 37 of Plaintiff's Third Amended Complaint.

38.    In addition, Section 5.3 of the License Agreement states that "[t]he prosecution and maintenance of the Licensed Patent(s) that are Joint Patents shall be the primary

responsibility of" CoMentis.  On information and belief, the PRF Patent Applications were jointly invented by at least Dr. Ghosh and Dr. Bilcer and therefore constitute "Joint Patents" under the License Agreement.

**ANSWER:**  The "License Agreement" speaks for itself.  To the Extent that the first sentence of ¶ 38 alleges anything different, PRF and Dr. Ghosh deny that allegation.  PRF and Dr. Ghosh deny the allegations in the second sentence of ¶ 38 of Plaintiff's Third Amended Complaint.

39.  PRF has insisted on maintaining primary responsibility for the prosecution and maintenance of the PRF Patent Applications.  PRF has refused to allow CoMentis to assume these responsibilities, in breach of section 5.3 of the License Agreement.

**ANSWER:**  PRF and Dr. Ghosh admit the allegations in the first sentence of ¶ 39 of Plaintiff's Third Amended Complaint.  PRF and Dr. Ghosh deny the allegations in the second sentence of ¶ 39 of Plaintiff's Third Amended Complaint.

### FIRST CAUSE OF ACTION
### (Declaratory Relief; Against PRF)

40.    CoMentis incorporates by reference paragraphs 1 through 39 above.

**ANSWER:** PRF and Dr. Ghosh incorporate by reference their Answers to paragraphs 1 through 39 above.

41.    CoMentis seeks a declaration that it has an exclusive license to the PRF Patent Applications, and any patents that issue therefrom, together with all divisionals, continuations, continuation-in-part applications, substitutions, reissues, reexaminations, extensions, and foreign counterparts of such patents (collectively "PRF Patents") under the License Agreement, and that the PRF Patents fall within the definition of "Licensed Patent(s)" in the License Agreement.

**ANSWER:** PRF and Dr. Ghosh deny Plaintiff's right to declaratory relief as set forth in ¶ 41 of Plaintiff's Third Amended Complaint.

42.    CoMentis further seeks a declaration that the PRF Patents fall within the definition of "Joint Patents" in the License Agreement.

**ANSWER:** PRF and Dr. Ghosh deny Plaintiff's right to declaratory relief as set forth in ¶ 42 of Plaintiff's Third Amended Complaint.

43.    In the event that CoMentis is not found to have an exclusive licenses to the PRF Patents under the License Agreement, CoMentis seeks a declaration that it has an exclusive license to the PRF Patents under the Binding Letter of Intent and/or related oral or implied-in-fact agreements or a non-exclusive license to the PRF Patents under the Consulting Agreement and/or related oral or implied-in-fact agreements.

**ANSWER:** PRF and Dr. Ghosh deny Plaintiff's right to declaratory relief as set forth in ¶ 43 of Plaintiff's Second Amended Complaint.

44.  An actual controversy exists regarding CoMentis's rights with respect to the PRF Patents.  A judicial declaration is necessary and appropriate so that CoMentis may ascertain its rights with respect to the PRF Patents.

**ANSWER:** Paragraph 44 of Plaintiff's Third Amended Complaint states a legal conclusion to which no response is required.

### SECOND CAUSE OF ACTION
### (Breach of Contract; Against Dr. Ghosh)

45.    CoMentis incorporates by reference paragraphs 1 through 44 above.

**ANSWER:** PRF and Dr. Ghosh incorporates by reference its Answers to paragraphs 1 through 44 above.

46.     The Consulting Agreement constitutes a valid and enforceable contract between CoMentis and Dr. Ghosh.

**ANSWER:**  PRF and Dr. Ghosh admit that the Consulting Agreement previously constituted a valid and enforceable contact between CoMentis and Dr. Ghosh.  PRF and Dr. Ghosh deny any of the remaining allegations in ¶ 46 of Plaintiff's Third Amended Complaint.

47.     CoMentis has performed all, or substantially all, conditions to Dr. Ghosh's performance of his obligations under the contract.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 47 of Plaintiff's Third Amended Complaint.

48.     Dr. Ghosh has breached the Consulting Agreement and related  Consultant Confidentiality/Non-Compete/Non-Solicitation Agreement by, among other things, violating his confidentiality obligations, using CoMentis's confidential information and intellectual property to file the PRF Patent Applications, disclosing CoMentis's confidential information and intellectual property to others in filing the PRF Patent Applications, and failing to disclose to CoMentis intellectual property developed under the Consulting Agreement.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 48 of Plaintiff's Third Amended Complaint.

49.     CoMentis has been harmed by Dr. Ghosh's breaches of the contract, including in ways that cannot be fully compensated by monetary damages.  CoMentis is therefore entitled to injunctive relief, including specific performance of Dr. Ghosh's obligations under the contract.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 49 of Plaintiff's Third Amended Complaint.

### THIRD CAUSE OF ACTION
### (Breach of Contract; Against PRF)

50.     CoMentis incorporates by reference paragraphs 1 through 49 above.

**ANSWER:**  PRF and Dr. Ghosh incorporate by reference their Answers to paragraphs 1

through 49 above.

51.     The License Agreement constitutes a valid and enforceable contract between

CoMentis and PRF.

**ANSWER:**  PRF and Dr. Ghosh admit the allegations in ¶ 51 of Plaintiff's Third

Amended Complaint.

52.     CoMentis has performed all, or substantially all, conditions to PRF's performance

of its obligations under the contract.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 52 of Plaintiff's Third

Amended Complaint.  Plaintiff has failed to show PRF that any alleged invention occurred under

the Consulting Agreement.

53.     PRF has breached the License Agreement by, among other things, refusing to add

the Pyrrolidine Patent Applications or the '132 PCT Application to Exhibit A of that agreement.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 53 of Plaintiff's Third

Amended Complaint.

54.     In addition, PRF has breached the License Agreement by, among other things,

refusing to allow CoMentis to assume primary responsibility for the prosecution and

maintenance of the PRF Patents Applications as required by section 5.3 of the License

Agreement.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 54 of Plaintiff's Third

Amended Complaint.

55.     CoMentis has been harmed by PRF's breaches of the contract, including in ways that cannot be fully compensated by monetary damages.  CoMentis is therefore entitled to injunctive relief, including specific performance of PRF's obligations under the contract.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 55 of Plaintiff's Third Amended Complaint.

### FOURTH CAUSE OF ACTION
### (Breach of Contract; Against PRF)

56.     CoMentis incorporates by reference paragraphs 1 through 55 above.

**ANSWER:**  PRF and Dr. Ghosh incorporate by reference their Answers to paragraphs 1 through 55 above.

57.     A valid and enforceable oral contract exists between CoMentis and PRF, under which PRF granted CoMentis an option to an exclusive or non-exclusive license subject to the terms of the Consulting Agreement and License Agreement, to promptly furnish CoMentis with a disclosure of any intellectual property developed under the Consulting Agreement, and to perform the other obligations set forth in the Consulting Agreement in furtherance of or in connection with CoMentis's exercise of its option under the Consulting Agreement. Alternatively, a valid and enforceable implied-in-fact contract exists between CoMentis and PRF, under which PRF has these obligations, arising out of the acts and conduct of the parties and CoMentis's good faith reliance thereon.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 57 of Plaintiff's Third Amended Complaint.

58.     CoMentis has performed all, or substantially all, conditions to PRF's performance of its obligations under the contract.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 58 of Plaintiff's Third Amended Complaint. Plaintiff has failed to show PRF that any alleged invention occurred under the Consulting Agreement.

59.     PRF has breached the contract by, among other things, failing to perform the obligations set forth in the Consulting Agreement to enable or further CoMentis's exercise of its option and other rights under the Consulting Agreement and the License Agreement, and by repudiating its obligation to grant CoMentis a license under the terms of the License Agreement and Consulting Agreement.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 59 of Plaintiff's Third Amended Complaint.

60.     CoMentis has been harmed by PRF's breaches of the contract, including in ways that cannot be fully compensated by monetary damages.  CoMentis is therefore entitled to injunctive relief, including specific performance of PRF's obligations under the contract.

**ANSWER:**  PRF and Dr Ghosh deny the allegations in ¶ 60 of Plaintiff's Third Amended Complaint.

### FIFTH CAUSE OF ACTION
### (Promissory Estoppel; Against PRF)

61.     CoMentis incorporates by reference paragraphs 1 through 60 above.

**ANSWER:**  PRF and Dr. Ghosh incorporates by reference their Answers to paragraphs 1 through 60 above.

62.     PRF promised to grant CoMentis a license subject to the terms of the Consulting Agreement and License Agreement, to promptly furnish CoMentis with a disclosure of any intellectual property developed under the Consulting Agreement, and to perform the other

obligations set forth in the Consulting Agreement in furtherance of or in connection with CoMentis's exercise of its option under the Consulting Agreement.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 62 of Plaintiff's Third Amended Complaint.

63.     PRF made these promises with the expectation that CoMentis would rely upon them.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 63 of Plaintiff's Third Amended Complaint.

64.     CoMentis reasonably relied upon these promises to its detriment.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 64 of Plaintiff's Third Amended Complaint.

65.     Hardship, unfairness, and injustice to CoMentis can be avoided only by the enforcement of these promises.  CoMentis is entitled to damages and specific performance of PRF's promises.

**ANSWER:**  PRF and Dr. Ghosh deny the allegations in ¶ 65 of Plaintiff's Third Amended Complaint.

## SIXTH CAUSE OF ACTION
### (Trade Secret Misappropriation; Against All Defendants)

66.     CoMentis incorporates by referenced paragraphs 1 through 65 above.

**ANSWER:**  PRF and Dr. Ghosh incorporate by reference their Answers to paragraphs 1 through 65  above.

67.     Indiana has adopted, with some modifications, a version of the Uniform Trade Secrets Act, as codified at Ind. Code § 24-2-3 *et seq.* (the "IUTSA").

**ANSWER:**  Paragraph 67 of Plaintiff's Third Amended Complaint purports to state a rule of law to which no response is required.

68.      A "trade secret" is defined by the IUTSA as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that:  (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Ind. Code § 24-2-3-2.

**ANSWER:**  Paragraph 68 of Plaintiff's Third Amended Complaint purports to state a rule of law to which no response is required.

69.      "Misappropriation" is defined by the IUTSA as "(1) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (2) disclosure or use of a trade secret of another without express or implied consent by a person who:  (A) used improper means to acquire knowledge of the trade secret; (B) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:  (i) derived from or through a person who had utilized improper means to acquire it; (ii) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or (iii) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or (C) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake."  Ind. Code § 24-2-3-2.

**ANSWER:**  Paragraph 69 of Plaintiff's Third Amended Complaint purports to state a rule of law to which no response is required.

70.     The confidential information and intellectual property that CoMentis revealed to Dr. Ghosh in confidence under the Consulting Agreement constitute trade secrets. CoMentis has taken reasonable steps to maintain the secrecy of its trade secrets. It has extensive controls in place to limit access to its trade secrets to only those who need to know such information and restricts the ability of such persons to use and disclose this information. CoMentis revealed its trade secrets to Dr. Ghosh only under the confidentiality obligations of the Consulting Agreement and related Consultant Confidentiality/Non-Compete/Non-Solicitation Agreement, and prominently marked its communications with Dr. Ghosh with "Confidential" or "Highly Confidential" legends.

**ANSWER:** PRF and Dr. Ghosh are without knowledge or information sufficient to enable them to admit or deny the truth of the allegations in ¶ 70 of Plaintiff's Third Amended Complaint.

71.     Defendants have misappropriated CoMentis's trade secrets. Defendants have used and/or disclosed CoMentis's trade secrets without CoMentis's consent. On information and belief, at the time that they used and/or disclosed CoMentis's trade secrets, Defendants knew or had reason to know that they had acquired the trade secrets under circumstances giving rise to a duty to maintain secrecy of the trade secrets.

**ANSWER:** PRF and Dr. Ghosh deny the allegations in ¶ 71 of Plaintiff's Third Amended Complaint.

72.     CoMentis has been damaged by Defendants' misappropriation of CoMentis's trade secrets. Defendants have been and will continue to be unjustly enriched by their misappropriation of CoMentis's trade secrets. On information and belief, Defendants' misappropriation was willful and malicious, thereby justifying an award of exemplary damages.

24

**ANSWER:** PRF and Dr. Ghosh deny the allegations in ¶ 72 of Plaintiff's Third Amended Complaint.

**SEVENTH CAUSE OF ACTION**
**(Breach of Contract; Against PRF)**

73.     CoMentis incorporates by reference paragraphs 1 through 72 above.

**ANSWER:** PRF and Dr. Ghosh incorporate by reference their Answers to Paragraphs 1 through 72 above.

74.     The Binding Letter of Intent, as modified by the Extension and Amendment, constitutes a valid and enforceable contract between PRF and CoMentis.

**ANSWER:** PRF and Dr. Ghosh deny the allegations in ¶ 74 of Plaintiff's Third Amended Complaint.

75.     Pursuant to these agreements, PRF has contractually "agree[d] to make all reasonable efforts to execute no later than November 6, 2009, a license agreement which contains the material financial and economic terms set forth in, and is in a form substantially similar to, the draft pyrollidine license agreement attached" as Exhibit A to the Binding Letter of Intent.

**ANSWER:** PRF and Dr. Ghosh deny the allegations in ¶ 75 of Plaintiff's Third Amended Complaint.

76.     PRF also agreed to disclose information to CoMentis's patent lawyers for the purpose of coordinating patent prosecution and filing strategy and facilitating CoMentis's filing of patent applications, and to take other steps to keep CoMentis informed, cooperate with CoMentis in patent prosecution, and allow CoMentis to exercise its rights with respect to prosecution of the Pyrrolidine Patent Applications.

**ANSWER:** PRF and Dr. Ghosh deny the allegations in ¶ 76 of Plaintiff's Third Amended Complaint.

77. CoMentis has performed all, or substantially all, conditions to PRF's performance of the foregoing obligation under the parties' contract.

**ANSWER:** PRF and Dr. Ghosh deny the allegations in ¶ 77 of Plaintiff's Third Amended Complaint. The alleged agreement was not executed by CoMentis. Execution is a requirement of formation and a condition precedent to performance of the alleged agreement.

78. PRF has breached the terms of the contract by, among other things, refusing to execute the license agreement and failing to make all reasonable efforts to execute the license agreement. PRF has also anticipatorily breached its obligations to keep CoMentis informed, cooperate with CoMentis in patent prosecution, and allow CoMentis to exercise its rights with respect to prosecution of the Pyrrolidine Patent Applications.

**ANSWER:** PRF and Dr. Ghosh deny the allegations in ¶ 78 of Plaintiff's Third Amended Complaint.

79. CoMentis has been harmed by PRF's breaches of the contract, including in ways that cannot be fully compensated by monetary damages. CoMentis is therefore entitled to injunctive relief, including specific performance of PRF's obligations under the contract.

**ANSWER:** PRF and Dr. Ghosh deny the allegations in ¶ 79 of Plaintiff's Third Amended Complaint.

## AFFIRMATIVE DEFENSES

PRF and Dr. Ghosh assert the following affirmative defenses:

1. Plaintiff's Third Amended Complaint fails to state causes of action on which relief may be granted.

2.      Any alleged oral or implied-in-fact option contract is void for lack of consideration.

3.      The doctrine of unclean hands renders Plaintiff ineligible for injunctive or equitable relief.

4.      Plaintiff's breach of contract claims are barred because Plaintiff engaged in a prior material breach, which excuses subsequent performance by the other party.

5.      The alleged letter-of-intent agreement is an unenforceable agreement to agree.

6.      The alleged Consulting Agreement has been terminated by CoMentis.

7.      PRF is only a third-party beneficiary of the alleged Consulting Agreement and, therefore, has no obligations under it.

8.      Plaintiff's trade secret claims are barred by the doctrines of consent, license, estoppel, and waiver.

9.      Plaintiff has failed to protect the secrecy of the alleged trade secrets.  Plaintiff has made voluntary disclosure of the alleged trade secrets in its own patent applications.

10.      The Bayh-Dole Act, 35 U.S.C. §§ 200, *et seq*., preempts application of the Uniform Trade Secrets Act, as codified at Ind. Code §§ 24-2-3-1, *et seq*., to the conduct of Defendants with respect to Dr. Ghosh's federally funded research.

11.      Applicable statutes of limitation bar Plaintiff's claims.

WHEREFORE, Defendants PRF and Dr. Ghosh pray:

a.      That Plaintiff take nothing under its Third Amended Complaint.

b.      For a declaration that Plaintiff has no right to claim priority benefit to the PRF patent filings identified in the Third Amended Complaint.

c.      For a finding that Plaintiff's claim for misappropriation of trade secrets has been

made in bad faith, entitling PRF and Dr. Ghosh to an award of their attorney's fees pursuant to

IND. CODE § 24-2-3-5.

        d.      For an award of attorney fees and costs to PRF as a prevailing party under the

License Agreement.

        e.      For all other just and proper relief.


## JURY DEMAND

PRF and Dr. Ghosh request a jury trial on all issues so triable.


Respectfully submitted,

/s/ William P. Kealey_____
William P. Kealey (Atty No. 18973-79)
Heather L. Emenhiser (Atty No. 22477-06-A)
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, Indiana 47902
Telephone: (765)  423-1561
Facsimile: (765) 742-8175
E-mail: wpk@stuartlaw.com
             hle@stuartlaw.com


s/ Daniel J. Lueders_____
Daniel J. Lueders
Woodard Emhardt Moriarty McNett & Henry LLP
Bank One Center/Tower
111 Monument Circle, Suite 3700
Indianapolis, IN 46204-5137
Telephone: (317) 713-4920
Facsimile: (317) 637-7561
Email: lueders@uspatent.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of August, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system:

James W. Riley, Jr.
E-mail: jriley@rbelaw.com

Eric S. Walters
E-mail: EWalters@mofo.com

Eric C. Pai
E-mail: EPai@mofo.com

Daniel J. Lueders
E-mail: lueders@uspatent.com

/s/ William P. Kealey
William P. Kealey

590304

29